*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ELMER SANDFORD KLOCK,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2025
9:19 AM

No. 369878
Ionia Circuit Court
LC No. 2023-018728-FH

Before: BOONSTRA, P.J., and REDFORD and MARIANI, JJ.

PER CURIAM.

Defendant, Elmer Sandford Klock, appeals as of right his jury trial convictions of two counts of second-degree criminal sexual conduct (CSC-II) (victim under 13), MCL 750.520c(1)(a) and MCL 750.520c(2)(b); and three counts of CSC-II (victim between 13 and 16 years of age with whom defendant shares a household), MCL 750.520c(1)(b)(*i*).[1] The trial court sentenced defendant to serve 50 months' to 15 years' imprisonment on all counts, to run concurrently. On appeal, defendant challenges the sufficiency of the evidence supporting his convictions, arguing he did not act for the purpose of sexual arousal, gratification, or another sexual purpose. Because a rational jury could find that all elements of the offenses were proven beyond a reasonable doubt, we affirm.

## I. FACTUAL BACKGROUND

This case arises out of the prolonged sexual abuse of KP, the victim, by her stepfather, defendant. Beginning when KP was 10 or 11 years old, defendant began regularly lying in bed with her in the mornings before school and grabbing her breasts both over and under her clothing. Defendant later expanded this practice to any time of day when KP was in her room. During some of these encounters, defendant moved his hand down between her legs. On at least one occasion defendant touched the lips of her genitalia with his hand. When KP started to grow body hair at

---

[1] Defendant was acquitted of one count of first-degree criminal sexual conduct, MCL 750.520b(2)(b); as well as one count of CSC-II, MCL 750.520c(1)(a) and MCL 750.520c(2)(b).

age 12 and started shaving, defendant began feeling KP's legs and genital area to feel for unshaven hair, sometimes sending her back to the shower to shave again if he was unsatisfied. When KP was 13 years old and onward, defendant would slap, grab, and squeeze her buttocks and make comments regarding the size and qualities of her buttocks and breasts. KP kissed defendant on the lips regularly, though she testified that she did so because of pressure from defendant.

At trial, defendant disputed that these acts occurred and testified that he was simply acting as a father showing paternal affection and looking after KP's health. He repeatedly insisted that his actions had no sexual purpose. Testimony from KP's mother generally aligned with defendant's testimony. Defendant was convicted and sentenced, as stated earlier. Defendant now appeals.

## II. ANALYSIS

Defendant argues that his convictions should be vacated because the evidence was insufficient for a reasonable jury to find that he acted for the purpose of sexual arousal, gratification, or another sexual purpose. We disagree.

We review de novo questions of statutory interpretation and claims of insufficient evidence in a criminal case. *People v Isrow*, 339 Mich App 522, 526; 984 NW2d 528 (2021). "A challenge to the sufficiency of evidence underpinning a conviction implicates due process." *People v Darga*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363178); slip op at 6. "Due process requires the prosecutor to introduce evidence sufficient for a trier of fact to find the defendant guilty beyond a reasonable doubt." *People v Jarrell*, 344 Mich App 464, 480; 1 NW3d (2022). When reviewing a claim of insufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 480 (quotation marks, citation, and emphasis omitted). Furthermore, we are "required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). Circumstantial evidence and reasonable inferences arising from that evidence can be sufficient to prove the elements of a crime. *Id.*

MCL 750.520c states, in relevant part, as follows:

(1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists:

(a) That other person is under 13 years of age.

(b) That other person is at least 13 but less than 16 years of age and any of the following:

(*i*) The actor is a member of the same household as the victim.

"Sexual contact" involves

the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose . . . . [MCL 750.520a(q).]

"Intimate parts" include a person's "primary genital area," "buttock," and "breast." MCL 750.520a(f). Whether touching could be reasonably construed as being for a sexual purpose should be determined under an objective, reasonable-person standard. *People v DeLeon*, 317 Mich App 714, 719-720; 895 NW2d 577 (2016).

From the totality of the evidence presented at trial, a reasonable jury could construe defendant's actions as being for a sexual purpose. At trial, KP testified about a prolonged pattern of sexual abuse beginning when she was 10 or 11 years old. Defendant would lie in her bed, and he would cup her breasts and, on at least one occasion, touch her genitals. Beginning when KP was 12 years old, defendant regularly felt KP's genitals to see if she was shaving. Defendant would either look in on KP while she was in the shower or inspect her in her bedroom. KP also testified that defendant would slap and grab at her buttocks and make sexual comments about her buttocks and breasts. She also described that she kissed defendant on the lips almost every day, either because she felt pressured to do so or because defendant initiated the kiss. An expert in child-sexual-abuse disclosure testified at trial that grooming behavior includes desensitizing an abused child through an escalation of physical contact that becomes more sexual over time.

On appeal, defendant does not contest that he touched KP's intimate parts, her age at the relevant times, or that they were members of the same household; he argues only that the evidence was insufficient for a reasonable jury to find that he touched KP for sexual arousal or gratification. Defendant argues that his actions could not be reasonably considered grooming because his contact with KP never escalated to more serious sexual contact. KP testified that defendant never had an erection or touched himself in her presence. She also stated defendant did not make sexual comments when touching her and never asked her to touch him or perform another sexual act. Defendant argues this testimony precludes a reasonable jury from concluding that he had a sexual purpose.

Although defendant presented alternative purposes for his conduct in his testimony, i.e., concern for her hygiene, it is still reasonable for a jury to infer from KP's testimony that a stepfather who touches his stepdaughter's intimate areas almost daily for several years, intrudes on her in the shower to touch her genitals, pressures her to kiss him, and comments on her breasts and buttocks does so because he has a sexual purpose. We must make all credibility determinations in favor of the verdict. See *Oros*, 502 Mich at 239. The record also supported that defendant's behavior was consistent with grooming; defendant's contact with KP escalated in frequency and sexual intrusion over time, particularly when he began feeling her genitals for unshaven hair.

The fact that defendant never had an erection or stimulated himself while performing his acts does not preclude a reasonable jury from finding that he acted for sexual arousal or sexual gratification. MCL 750.520(a)(q) does not require that sexual contact be for immediate sexual arousal or gratification. A reasonable jury could conclude that defendant acted for his own sexual

arousal and gratification at a later time outside of KP's presence. A reasonable jury could also conclude that defendant's purpose was to gratify a sexual desire that was not physical.

Viewed in the light most favorable to the verdict, the evidence presented at trial was sufficient for a reasonable jury to conclude beyond a reasonable doubt that defendant acted for the purpose of sexual arousal, gratification, or another sexual purpose. See *id*. Therefore, sufficient evidence supported defendant's convictions of CSC-II.

Affirmed.

/s/ Mark T. Boonstra
/s/ James Robert Redford
/s/ Philip P. Mariani